**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| AH Technology Limited, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WXX COMMERCE LIMITED and PEIXIA CHEN,<br><br>Defendants. | CASE NO. 2:26-cv-4355<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

**NOW COME** AH Technology Limited d/b/a AH Technology Limited, CheungPrint Limited d/b/a CheungPrint, TYHK Trading Limited d/b/a TYToys, Sun Rise Tech Commerce d/b/a Cheffun Direct, Yi Suen Commerce d/b/a YSC shop, and Hei Hei Product Trading Limited ("Plaintiffs") by and through their undersigned counsel, hereby bring their complaint against WXX COMMERCE LIMITED and PEIXIA CHEN ("Defendants") and allege as follows:

## Introduction

**1.** This action is filed by Plaintiff to, *inter alia*, obtain determinations that: (i) Plaintiffs do not infringe any valid or enforceable claim of U.S. Patent No. 12,605,643 (hereinafter, the "'643 Patent"); and (ii) the '643 Patent is invalid and unenforceable. A true and correct copy of the '643 Patent is attached as **Exhibit 1**.

**2.** Plaintiff AH Technology Limited is a limited company doing business on the Amazon.com marketplace under the name AH Technology Limited (Seller ID: A1RTEDUXXMY7HA).

**3.** Plaintiff CheungPrint Limited is a limited company doing business on the Amazon.com marketplace under the name CheungPrint (Seller ID: ACRNH7DJVOZPC).


MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

**4.** Plaintiff TYHK Trading Limited is a Hong Kong limited company doing business on the Amazon.com marketplace under the name TYToys (Seller ID: A36R6BIJXIAO5R).

**5.** Plaintiff Sun Rise Tech Commerce is a Hong Kong company doing business on the Amazon.com marketplace under the name Cheffun Direct (Seller ID: A22O8NBP5NKFXM).

**6.** Plaintiff Yi Suen Commerce is a limited company doing business on the Amazon.com marketplace under the name YSC shop (Seller ID: A11KU92R4EBTSP).

**7.** Plaintiff Hei Hei Product Trading Limited is a limited company doing business on the Amazon.com marketplace under the name Hei Hei Product Trading Limited (Seller ID: APCDGDAT1CSFY).

**8.** Defendant Peixia Chen is, on information and belief, a Chinese individual and named inventor on the '643 Patent.

**9.** Defendant WXX Commerce Limited is, on information and belief, a Chinese limited company owned and operated by Defendant Peixia Chen and registrant of the Amazon.com storefront Toylogy (Seller ID: A5PGDCXZJZM6N).

**Jurisdiction and Venue**

**10.** This Court has original subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. § 100, et seq. and 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.

**11.** This Court has jurisdiction over the claims herein arising under the laws of the State of Washington pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

**12.** Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants, through their wrongful


MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

enforcement of the ‘643 Patent against Plaintiffs on the Amazon.com platform that is based in this forum, has caused Plaintiffs’ sales of certain magnetic building block products into Washington and elsewhere to cease. Prior to Defendants’ wrongful enforcement of the ‘643 Patent against the magnetic building block products, Plaintiffs enjoyed sales of the products on the Amazon.com platform, however after Defendants wrongfully enforced its ‘643 Patent against the Plaintiffs’ magnetic building block products through Amazon.com’s infringement reporting function, Plaintiffs’ sales of these products into Washington and elsewhere were interrupted. Defendants have committed and is committing tortious acts in Washington and this Judicial District, and caused Plaintiffs injury in Washington, including through Defendant’s wrongful enforcement efforts of the ‘643 Patent directed at the forum and the wrongful prevention of Plaintiffs’ sales and shipments of their magnetic building block products into Washington and this Judicial District.

**13.** Based on Defendant’s actions there exists an actual substantial controversy between the parties with adverse legal interests such immediacy and existence so to warrant a declaratory judgment.

**Plaintiffs’ Businesses**

**14.** Plaintiff AH Technology Limited is the registrant and operator of the AH Technology Limited Amazon.com storefront through which it sells a variety of products, including magnetic building block toys. Fifteen (15) such products Plaintiff AH Technology Limited sold were designated with Amazon Standard Identification Numbers (“ASIN”) B0FK4HLP2G, B0FCY8NJHK, B0DZ6F34BB, B0DQC8MSBP, B0H8CTG9MD, B0F2H8756F, B0FDQV1549, B0DPZY5X12, B0F4X24G8B, B0DSPVM3V5, B0FJLSPZB8, B0FJL9P1LR, B0H8JCRPBR, B0FK4G2JMS, and B0FN36DFXZ (the “AH Technology


MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

Products”).

**15.** Plaintiff CheungPrint Limited is the registrant and operator of the CheungPrint Amazon.com storefront through which it sells a variety of products, including magnetic building block toys. Nine (9) such products Plaintiff CheungPrint Limited sold were designated with ASINs B0DCK6CY5L, B0FDQ7VDJC, B0FR4D6BXV, B0HC9K55SP, B0FHDPVKQV, B0HC9TPJX4, B0CZNRK5CR, B0HCB8JXJC, and B0G5WMQPL6 (the “CheungPrint Products”).

**16.** Plaintiff TYHK Trading Limited is the registrant and operator of the TYToys Amazon.com storefront through which it sells a variety of products, including magnetic building block toys. Twelve (12) such products Plaintiff TYHK Trading Limited sold were designated with ASINs B0FL6W7HPP, B0DCGB3ZZ1, B0DPCC9CH4, B0HC3DMH7S, B0DHKTH74D, B0FLCX11NM, B0FL23Z37L, B0H8RB4TRL, B0DPWV9V99, B0DPJTFSHX, B0FL26FPC2, and B0FM881Y3K (the “TYHK Products”).

**17.** Plaintiff Sun Rise Tech Commerce is the registrant and operator of the Cheffun Direct Amazon.com storefront through which it sells a variety of products, including magnetic building block toys. Four (4) such products Plaintiff Sun Rise Tech Commerce sold were designated with ASINs B0HDCNMVHC, B0G5FQHBM2, B0HHDJLNJY, and B0FG6QLNQR (the “Sun Rise Products”).

**18.** Plaintiff Yi Suen Commerce is the registrant and operator of the YSC shop Amazon.com storefront through which it sells a variety of products, including magnetic building block toys. Three (3) such products Plaintiff Yi Suen Commerce sold were designated with ASINs B0DB5H4KXX, B0CC5GTSQF, and B0FMDHH7DC (the “Yi Suen Products”).

**19.** Plaintiff Hei Hei Product Trading Limited is the registrant and operator of the Hei Hei


MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

Product Trading Limited Amazon.com storefront through which it sells a variety of products, including magnetic building block toys. Seven (7) such products Plaintiff Hei Hei Product Trading Limited sold were designated with ASINs B0FR54HZG5, B0FLX9M1J6, B0FR47VYKH, B0H3VXJZSC, B0GT86FRYT, B0FLX8JB1R, and B0H6M11MB4 (the "Hei Hei Products").

**Defendant's Wrongful Acts**

**20.** On October 5, 2026, Plaintiff CheungPrint Limited received a notification from Amazon that an infringement complaint had been issued against the CheungPrint Products for their alleged infringement of the '643 Patent. A true and correct copy of that notification with Complaint ID: 22419727131 (the "CheungPrint Complaint") is attached hereto as **Exhibit 2**.

**21.** On September 23, 2026, September 30, 2026, and October 6, 2026, Plaintiff TYHK Trading Limited received notifications from Amazon that infringement complaints had been issued against the TYHK Products for their alleged infringement of the '643 Patent. True and correct copies of: (i) the September 23, 2026, notification with Complaint ID: 22194089211; (ii) the September 30, 2026, notification with Complaint ID: 22299619691; and, (iii) the October 6, 2026, notification with Complaint ID: 22419727131 (collectively, the "TYHK Complaints") are attached hereto as **Exhibit 3**.

**22.** On October 5, 2026, Plaintiff Sun Rise Tech Commerce received a notification from Amazon that an infringement complaint had been issued against the Sun Rise Products for their alleged infringement of the '643 Patent. A true and correct copy of that Complaint with ID 22419727131 (the "Sun Rise Complaint") is attached hereto as **Exhibit 4**.

**23.** On September 23, 2026, September 30, 2026, October 6, 2026, and October 8, 2026, Plaintiff AH Technology Limited received notifications from Amazon that infringement complaints


MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

had been issued against the AH Technology Products for their alleged infringement of the ‘643 Patent. True and correct copies of: (i) the September 23, 2026, notification with Complaint ID: 22110359201; (ii) the September 30, 2026 notification with Complaint ID: 22299619691; (iii) the October 6, 2026, notification with Complaint ID: 22419727131; and, (iv) the October 8, 2026, notification with Complaint ID: 22447746511 (collectively, the “AH Technology Complaints”) are attached hereto as **Exhibit 5**.

**24.** On October 5, 2026, Plaintiff Yi Suen Commerce received a notification from Amazon that an infringement complaint had been issued against the Yi Suen Products for their alleged infringement of the ‘643 Patent. A true and correct copy of that Complaint with ID 22419727131 (the “Yi Suen Complaint”) is attached hereto as **Exhibit 6**.

**25.** On September 30, 2026, October 6, 2026, and October 8, 2026, Plaintiff Hei Hei Product Trading Limited received notifications from Amazon that infringement complaints had been issued against the Hei Hei Products for their alleged infringement of the ‘643 Patent. True and correct copies of: (i) the September 30, 2026, notification with Complaint ID: 22299619691; (ii) the October 6, 2026, notification with Complaint ID: 22419727131; and, (iii) the October 8, 2026, notification with Complaint ID: 22447746511 (collectively, the “Hei Hei Complaints”) is attached hereto as **Exhibit 7**.

**26.** On information and belief and as identified in the Amazon complaints, Defendant WXX COMMERCE LIMITED, as directed by Defendant PEIXIA CHEN, who has represented to Amazon.com that it owns the rights in the ‘643 Patent, caused the CheungPrint, TYHK, Sun Rise, AH Technology, Yi Suen, and Hei Hei Complaints (collectively, the “Complaints”) to be submitted to Amazon.com and the Complaints were used to prevent Plaintiffs from selling their respective products the complaints were levied against.



MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

**27.** As a direct result of the CheungPrint Complaint, the Amazon.com platform prevented Plaintiff CheungPrint Limited from selling any of the CheungPrint Products on the Amazon.com platform, including into Washington, from October 5, 2026, to October 9, 2026, and the Amazon.com platform has continued to prevent Plaintiff CheungPrint Limited from selling its product designated with ASIN B0HC9TPJX4 on the Amazon.com platform, including into Washington, from October 5, 2026 until November 2, 2026.

**28.** As a direct result of the TYHK Complaints, the Amazon.com platform prevented Plaintiff TYHK Trading Limited from selling any of the TYHK Products designated with ASINs B0FL6W7HPP, B0DCGB3ZZ1, B0DPCC9CH4, B0HC3DMH7S, B0DHKTH74D, B0FLCX11NM, B0FL23Z37L, B0H8RB4TRL, B0DPWV9V99, and/or B0DPJTFSHX on the Amazon.com platform, including into Washington, from September 23, 2026, to October 9, 2026, and the Amazon.com platform has continued to prevent Plaintiff TYHK Trading Limited from selling: (i) its product designated with ASIN B0FL26FPC2 on the Amazon.com platform, including into Washington, from September 23, 2026, to the date of the filing of this Complaint; and, (ii) its product designated with ASIN B0FM881Y3K on the Amazon.com platform, including into Washington, from October 6, 2026, to the date of the filing of this Complaint.

**29.** As a direct result of the Sun Rise Complaint, the Amazon.com platform prevented Plaintiff Sun Rise Tech Commerce from selling any of the Sun Rise Products on the Amazon.com platform, including into Washington, from October 5, 2026, to October 8, 2026.

**30.** As a direct result of the AH Technology Complaints, the Amazon.com platform prevented Plaintiff AH Technology Limited from selling the AH Technology Products on the Amazon.com platform, including into Washington, during the following time periods: (i)


MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

from September 23, 2026, to October 9, 2026, for the AH Technology Products designated with ASINs B0FK4HLP2G, B0FCY8NJHK, B0DZ6F34BB, B0DQC8MSBP, B0H8CTG9MD, B0F2H8756F, B0FDQV1549, and B0DPZY5X12; (ii) from September 30, 2026, to October 9, 2026, for the AH Technology Products designated with ASINs B0F4X24G8B, B0DSPVM3V5, B0FJLSPZB8, B0FJL9P1LR, and B0H8JCRPBR; and, (iii) from October 6, 2026, to October 9, 2026, for the AH Technology Products designated with ASINs B0FK4G2JMS and B0FN36DFXZ.

**31.** As a direct result of the Yi Suen Complaint, the Amazon.com platform prevented Plaintiff Yi Suen Commerce from selling the Yi Suen Products on the Amazon.com platform, including into Washington, from October 5, 2026, to October 28, 2026.

**32.** As a direct result of the Hei Hei Complaints, the Amazon.com platform prevented Plaintiff Hei Hei Product Trading Limited from selling the Hei Hei Products on the Amazon.com platform, including into Washington, during the following time periods: (i) from September 30, 2026 to October 9, 2026, for the Hei Hei Product designated with ASIN B0FR47VYKH; (ii) from October 6, 2026, to October 9, 2026, for Hei Hei Products designated with ASINs B0H3VXJZSC, B0GT86FRYT, B0FLX8JB1R, and B0H6M11MB4; and, (iii) from September 30, 2026, to the date of the filing of this Complaint for the Hei Hei Products designated with ASINs B0FR54HZG5 and B0FLX9M1J6.

**33.** Defendant's wrongful enforcement of the '643 Patent against the CheungPrint Products, TYHK Products, Sun Rise Products, AH Technology Products, Yi Suen Products, and Hei Hei Products (collectively, the "Accused Products") has and continues to cause harm to Plaintiffs by interfering with their ability to sell their respective Products.

**34.** Defendants' Complaints were not a single, isolated report. Between September 23, 2026 and


MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

October 8, 2026 - a period of sixteen days - Defendants caused at least five separate infringement complaints (Complaint IDs 22110359201, 22194089211, 22299619691, 22419727131, and 22447746511) to be submitted against Plaintiffs' listings, in four successive waves: September 23, 2026 (two storefronts); September 30, 2026 (three storefronts); October 5–6, 2026 (all six of Plaintiffs' storefronts); and October 8, 2026 (two storefronts).

**35.** Defendants repeatedly targeted the same products. By way of example: (i) the AH Technology Product designated with ASIN B0F2H8756F was the subject of four separate complaints (September 23, September 30, October 6, and October 8, 2026); (ii) the TYHK Product designated with ASIN B0FL26FPC2 was the subject of three separate complaints (September 23, September 30, and October 6, 2026); (iii) the Hei Hei Product designated with ASIN B0FR47VYKH was the subject of three separate complaints (September 30, October 6, and October 8, 2026); and (iv) the AH Technology Product designated with ASIN B0DPZY5X12 was the subject of two separate complaints (September 23 and September 30, 2026). Each successive complaint against these products was submitted while the listing had already been removed by Amazon as a result of Defendants' prior complaint and while Plaintiffs' appeals of those removals were pending.

**36.** On information and belief, Defendants submitted these duplicative complaints knowing that Amazon records each additional complaint against the seller's account as a separate violation, that Amazon designates such repeated complaints as a "repeat violation" with a "high" impact on the seller's Account Health Rating, and that an accumulation of such violations exposes the seller to suspension of its entire storefront. Amazon's Account Health pages for Plaintiffs TYHK Trading Limited and Hei Hei Product Trading Limited in fact


MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

designate Defendants' complaints as "High - Repeat violation."

**37.** Defendants timed their Complaints to coincide with Amazon's promotional calendar. The '643 Patent issued on April 21, 2026. Defendants took no action under it for five months, and then submitted the October 5-6, 2026 wave of complaints against all six of Plaintiffs' storefronts on the eve of Amazon's Prime Big Deal Days promotional event (October 6–7, 2026), with the result that Plaintiffs' listings were removed for the duration of that event.

**38.** Defendants' conduct follows an established pattern. On November 4, 2025 - approximately three weeks before the Black Friday and Cyber Monday shopping period - Defendant Peixia Chen moved for a temporary restraining order against two of the Plaintiffs herein (AH Technology Limited and Yi Suen Commerce), among others, in Chen v. AH Technology Limited, et al., No. 4:25-cv-01168-SDJ (E.D. Tex.), asserting two earlier patents in the same family as the '643 Patent (U.S. Patent Nos. 11,766,622 and 12,151,182). The court denied that motion on November 25, 2025, finding that Chen had not established a substantial threat of irreparable injury. Having failed to obtain injunctive relief from a federal court on the earlier patents, Defendants resorted to Amazon's infringement-reporting mechanism under the newly issued '643 Patent to accomplish the removal of Plaintiffs' products without judicial review.

**39.** Absent injunctive relief, Defendants will continue to wrongfully submit infringement complaints against Plaintiffs' products under the '643 Patent, including during the forthcoming Black Friday, Cyber Monday, and Christmas selling season, and Amazon will continue to act on those complaints by removing Plaintiffs' listings - as it did on each of the five occasions described above - irrespective of their merit.

**40.** Defendants' conduct and accusations of infringement raise an actual case or controversy



MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

between the parties.

**Count I – Declaratory Judgment of Non-Infringement**

**41.** Plaintiffs repeat, re-alleges, and incorporates by reference the allegations set forth in the preceding Paragraphs.

**42.** Defendants alleged in the Complaints that Plaintiffs' Accused Products infringe at least independent claim 1 of the '643 Patent. The limitations of claim 1 of the '643 Patent require, *inter alia*, that the building block main body comprises "a partition plate part connected to the inner side of the surrounding walls," that "the compartment parts comprise four upper compartment parts located on an upper surface of the partition plate part, and four lower compartment parts located on a lower surface of the partition plate part," that "the stop parts comprise four upper stop parts received in the respective upper compartment parts, and four lower stop parts received in the respective lower compartment parts," and that "a length of the upper stop part is greater than a length of the lower stop part."

**43.** Plaintiffs' Accused Products do not infringe independent claim 1 or dependent claims 2-8 of the '643 Patent, literally or otherwise. For example and without limitation, Plaintiffs' Accused Products do not include the claimed partition plate part connected to the inner side of the surrounding walls, the compartment parts comprise four upper compartment parts located on an upper surface of the partition plate part, and four lower compartment parts located on a lower surface of the partition plate part, the stop parts comprise four upper stop parts received in the respective upper compartment parts, and four lower stop parts received in the respective lower compartment parts, and a length of the upper stop part is greater than a length of the lower stop part.

**44.** The circumstances show that there is an actual, present, substantial, and justiciable,


MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

controversy between Plaintiff and Defendant, which have adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Specifically, Defendant's infringement Complaints submitted to Amazon resulted in the removal of Plaintiffs' products listings, causing significant commercial harm and threatening further enforcement actions against Plaintiffs.

**45.** Plaintiffs therefore seek a declaratory judgment that each Plaintiff is not infringing, has not infringed, and is not liable for infringing the '643 Patent.

**Count II – Declaratory Judgment of Invalidity**

**46.** Plaintiffs repeat, re-alleges, and incorporates by reference the allegations set forth in the preceding Paragraphs.

**47.** The '643 Patent claims a magnetic building block as shown and described in claims 1-8 of the '643 Patent. *See* **Exhibit 1**.

**48.** On information and belief, magnetic building blocks including the same features claimed in claims 1-8 of the '643 Patent were described in one or more patents or printed publications, on sale, sold, or otherwise available to the public prior to any priority date of the '643 Patent rendering the '643 Patent invalid under one or more of 35 U.S.C. §§ 102, 103.

**Count III – Violation of Washington Patent Troll Prevention Act, RCW § 19.350 et seq. and Consumer Protection Act, RCW § 19.86 et seq.**

**49.** Plaintiffs repeat, re-allege, and incorporates by reference the allegations set forth in the preceding Paragraphs.

**50.** Defendants have engaged in acts which violate Washington law including, without limitation through, in the course of business, disparaging the goods, services, or business of another by making a false or misleading representation of fact.



MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

**51.** Defendants made false and/or misleading statements of fact to Amazon.com in bad-faith when it represented to Amazon.com that the Plaintiffs' respective Products infringed the '643 Patent.

**52.** Defendant's Complaints resulted in Amazon delisting Plaintiff's key product listings thereby causing each Plaintiff substantial commercial harm, including loss of sales, reputational injury, and loss of access to Plaintiffs' primary U.S. sales platform.

**53.** Defendants filed the Complaints against Plaintiffs on the Amazon platform in bad faith to cause the improper removal of Plaintiffs' competing products from Amazon and to divert sales opportunities to themselves and their affiliated products.

**54.** Defendants' submission of serial and duplicative complaints against the same products - while those products were already removed and Plaintiffs' appeals were pending - and the timing of those complaints to coincide with Amazon's promotional events, further evidence that the Complaints were made in bad faith and for the purpose of harassment and exclusion of competitors rather than the good-faith enforcement of patent rights.

**55.** Defendants' conduct constitutes a bad-faith assertion of patent infringement in violation of the Washington Patent Troll Prevention Act RCW § 19.350.

**56.** On information and belief, each time a company submits an infringement complaint to Amazon, like Defendants did, Amazon maintains a record of that complaint.

**57.** On information and belief, Amazon does not rank the complaints or reconsider the merits of the complaints in the event that they are determined, such as by a court, to be unfounded.

**58.** On information and belief, if a seller like each Plaintiff receives too many complaints, Amazon will permanently revoke its ability to sell on Amazon and may liquidate the seller's remaining funds



MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

**59.** On information and belief, if a seller's ability to sell on Amazon is revoked, it loses all of its reviews and Amazon site rankings.

**60.** Thus, even if a seller like each Plaintiff relaunches a product that had been complained of, but for example, a court had determined that the complaint was unfounded, the seller will have to rebuild its ranking which is extremely difficult to do.

**61.** Due to Defendant's wrongful Complaint, each Plaintiffs' Amazon seller profile has been permanently damaged, and each Plaintiff's Amazon.com seller account is at further risk of being revoked.

**62.** Defendant's submission of its wrongful Complaint to Amazon.com to effect the removal of the Products offends public policy and is unethical, oppressive, and unscrupulous.

**63.** Each Plaintiff is entitled to injunctive relief, damages, costs, and attorney's fees.

**Count IV - Tortious Interference with Prospective Economic Advantage**

**64.** Each Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in the preceding Paragraphs.

**65.** Each Plaintiff had a valid and existing contract and business relationship with Amazon.com wherein Plaintiff was permitted to sell their respective Products on the Amazon.com platform.

**66.** Each Plaintiff reasonably expected that it would continue to sell the Products on the Amazon.com platform.

**67.** Defendants were aware of the contract and business relationship each Plaintiff had with Amazon.com, and knew that each Plaintiff expected to continue to sell their respective products on Amazon.com.

**68.** Defendants willfully, intentionally and unjustifiably induced Amazon to terminate each


MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

Plain-tiff's expectancy of continued sales of the Products on Amazon.com by submitting materially false and bad-faith claims of patent infringement against the Plaintiff, with the purpose of causing Plaintiffs' product listings to be removed and eliminating Plaintiffs as lawful competitors to Defendant.

**69.** Each Plaintiff has suffered damages as a direct result of Defendant's wrongful conduct at least insofar as each Plaintiff has been prevented from selling products through Amazon.com, has lost sales, and its seller reputation has been damaged due to Defendant's tortious actions.

**WHEREFORE**, each Plaintiff prays that this Court enter an Order granting the following relief on the claims herein against Defendant:

**A.** A declaration that the claims of the ‘643 Patent are invalid;

**B.** A declaration that the ‘643 Patent is void and unenforceable;

**C.** A declaration that Plaintiffs' Accused Products do not infringe any valid and enforceable claim of the ‘643 Patent;

**D.** A judgment that Defendants tortiously interfered with Plaintiffs' contractual and business relationships with Amazon;

**E.** Entering judgment that Defendants violated the Washington Patent Troll Prevention Act (RCW 19.350 et seq.) and the Washington Consumer Protection Act (RCW 19.86 et seq.);

**F.** Ordering Defendants to withdraw and revoke any complaints submitted to Amazon alleging infringement of the ‘643 Patent with respect to Plaintiffs' Accused Products;

**G.** Permanently enjoining Defendants and all those acting in concert or participation with it from attempting to enforce the ‘643 Patent and/or contacting third-parties to remove Plaintiff's or third-parties' products as infringing the ‘643 Patent;

**H.** Declaring that each Plaintiff is the prevailing party and that this is an exceptional case,



MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Phone: 206-436-0900

awarding each Plaintiff its costs, expenses, and reasonable attorney's fees under 35 U.S.C. § 285;

**I.** Awarding each Plaintiff damages to compensate for the injuries they suffered due to Defendant's wrongful enforcement of the '643 Patent;

**J.** Awarding each Plaintiff its reasonable attorneys' fees and costs under RCW 19.86.090;

**K.** Awarding Plaintiffs costs, treble damages, and reasonable attorneys' fees pursuant to RCW 19.86.090 for Defendants' violation of the Washington Patent Troll Prevention Act, RCW § 19.350 et seq. and Consumer Protection Act, RCW § 19.86 et seq

**L.** Awarding each Plaintiff such other and additional and equitable relief as the Court deems just and proper.

Dated this November 10, 2026.

By: Philip P. Mann
Philip P. Mann, WSBA No. 28860
MANN LAW GROUP PLLC
350 Madison Ave. N.
Bainbridge Island, WA 98110
Telephone: (206) 436-0900
phil@mannlawgroup.com

Together with

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W Lake St Suite 1700
Chicago, IL 60606
Telephone: (312) 715-7312
adamu@au-llc.com
Pro Hac Vice Pending
Counsel for Plaintiffs